\* PETER R. LEONARD, Respondent, *v.* WILLIAM J. EHRICH and JULIUS S. EHRICH, Appellants.

*Place of trial of actions brought for violations of game laws—not affected by section 983 of the Code of Civil Procedure.*

Section 983 of the Code of Civil Procedure, providing that actions to recover a penalty or forfeiture imposed by statute must be tried in the county where the cause of action or some part thereof arose, has no application to actions brought under chapter 534 of 1879, to recover penalties for violations of the game laws, which may be brought in the county where the penalty was incurred, or in an adjoining county.

---

\* Decided May 22, 1886.

APPEAL from an order entered in St. Lawrence county, made at the Schenectady Special Term, denying a motion to change the place of trial.

*Samuel W. Weiss*, for the appellants.

*Morris, Kellogg & Morris*, for the respondent.

PARKER, J. :

This action was brought to recover the penalties provided by section 19 of chapter 534 of the Laws of 1879, as amended by chapter 121 of the Laws of 1885, the complaint alleging that the acts complained of were performed in the county of Franklin. The action was commenced in the Supreme Court, the venue being laid in the adjoining county of St. Lawrence. The defendants, claiming that section 983 of the Code of Civil Procedure applied to such actions, made a motion at Special Term to have the place of trial changed to the county of Franklin, which motion was denied and an appeal was thereupon taken to this court. Section 983 of the Code of Civil Procedure provides that actions to recover a penalty or forfeiture, imposed by statute,  *  *  *  must be tried in the county where the cause of action or some part thereof arose. The cause of action alleged in the complaint in this action arose in the county of Franklin, and the action must, therefore, be tried in such county, unless it appears that the section of the Code referred to does not apply to actions brought to recover penalties under chapter 534 of the Laws of 1879, entitled " An act for the preservation of moose, wild deer, birds, fish and other game." Section 33 of said act provides that " all penalties imposed by this act may be recovered, with costs of suit, by any person in his own name, or by any society in its name, upon such society giving security for costs, before any justice of the peace in the county where the offense was committed, or in an adjoining county, when the amount does not exceed the jurisdiction of such justice, or when such suit shall be brought in the city of New York, before any justice of the district court, or of the Marine Court of said city. And such penalties may be recovered in the like manner in any court of record in the State."

It is obvious that it was the intention of the legislature, in framing this section, to permit actions to recover penalties incurred

under that statute to be brought elsewhere than in the county where the penalty was incurred. But for that section the jurisdiction of a justice of the peace would be limited to his own county. The jurisdiction of the County Court would be equally circumscribed, and section 983 of the Code would require the action, if commenced in the Supreme Court, to be instituted in the county where the penalty was incurred. As the section stands the jurisdiction of justices of the peace, in such cases, is extended to the county adjoining that in which the penalty was incurred, and the words "in like manner" quoted, taken in connection with the general phraseology of the section quoted, indicate very clearly that it was the intention of the legislature to give the county and Supreme Courts in adjoining counties in such cases the same jurisdiction as justices of the peace.

It is not possible from the language used to reach the conclusion that it was the intention of the legislature to enlarge the jurisdiction of justices of the peace in such cases beyond that of the County and Supreme Courts. The object of the section seems to be threefold: First. To provide the manner of recovering penalties. Second. To designate who may be plaintiff. Third. To determine where the action may be brought. Now, without the aid of so much of this section as refers directly to "justices of the peace" and "any court of record in the State," actions could be maintained in the county where the penalty was incurred before a justice of the peace or in the County or Supreme Courts. So in providing for a more extended forum it was enacted that a plaintiff might recover penalties, with costs, "before any justice of the peace in the county where the offense was committed, or in any adjoining county," * * * "and such penalties may be recovered *in like manner* in any court of record in this State." The words "in like manner" seem to be intended to require that the same condition shall apply to the commencement of actions in courts of record. That is, as to the manner of recovery, who shall be plaintiff, and as to the place where the action may be brought.

In effect the words are words of limitation so far as the place of trial is concerned. The statute in question having been passed since the adoption of section 983 of the Code, it governs the proceedings for the collection of penalties, so if you strike out the words "in

like manner," or read them as if they applied alone to the manner of recoveries and who shall be plaintiff, the statute would then expressly provide that recovery could be had in any court of record in the State, and section 983 would not apply.

My conclusion is that it was the intent of the legislature, in the act in question, to provide that actions for penalties might be brought in the county where the penalty was incurred, or in an adjoining county, and that such action could be brought before a justice of the peace or in a County or Supreme Court; and that such act being subsequent to the adoption of section 983 of the Code must control.

The order appealed from must be affirmed, with ten dollars costs and printing disbursements.

Bockes, P. J., concurred; Landon, J., not sitting.

Order affirmed, with ten dollars costs and printing disbursements.